## ROBINSON v. HANNER.

No. 18761. Opinion Filed Nov. 20, 1928.

Ed L. Jones, for plaintiff in error.

W. L. Webb, for defendant in error.

FOSTER, C. Albert Hanner brought suit in the justice of the peace court of Tulsa county against Hugh E. Robinson to recover the sum of $175, alleged to be due for certain work and labor performed. A judgment was obtained in said justice court, and an appeal was perfected to the court of common pleas, and on retrial judgment was again granted, from which Robinson appeals.

There are three assignments of error presented in the brief of plaintiff in error.

The first assignment is that the court erred in refusing certain evidence offered by the plaintiff in error. The testimony referred to was an answer to a question asked the plaintiff in error concerning a conversation with Mr. Hanner as to whether or not he was working for the plaintiff personally. An objection was sustained by the court on the ground that it was leading and suggestive. An exception was taken, and this is assigned as error. This assignment is wholly without merit, for the reason that the identical question was later permitted by the court to be asked and answered.

The next contention of the plaintiff in error is that certain incompetent testimony was permitted to be introduced by the defendant in error. This contention is also without merit, for the reason, that no objection or exception to any of the material testimony was made by plaintiff in error.

The only other question presented is whether or not there is sufficient evidence to support the judgment. Under this assignment, the plaintiff in error's only contention is that the defendant in error was employed by the Robinson Tool Company, a corporation, and not by Robinson personally, and, if anything is due to the defendant in error, it is due from the corporation. There is no question as to the amount due.

It appears from an examination of the testimony in this case that the defendant in error testified that he applied to Robinson for employment at the request of one Redinbaugh; that the plaintiff in error told him he would have to work with one Sanders, and that if he could satisfy Sanders it would be all right with him. No mention was made at the time of the employment as to whether or not he was working for a corporation or for Robinson personally. The office in which Robinson was located had the words "Robinson Tool Company" on the window. After the defendant in error began his employment, he was paid by checks signed by the Robinson Tool Company, by Hugh E. Robinson, and also other checks signed by Robinson Tool Company, by J. Otis Redinbaugh. After several months of employment, the checks were signed by Robinson Tool Company, Inc., by Hugh E. Robinson or Redinbaugh. The defendant in error did not know anything about the corporation until several months after his employment. Part of the money due defendant in error for his wages was paid in cash by Hugh E. Robinson personally.

From all the facts and circumstances in the case, we believe there is evidence in the record to support the finding of the trial court that the defendant in error was employed by Robinson personally. The rule that, where a jury is waived and the issues of fact are by consent of the parties submitted to the trial court, its finding will not be reviewed by the Supreme Court if there is

evidence reasonably tending to sustain the same, is too well established by this court to need citation of authorities.

Under the above rule, the judgment should be, and is hereby, affirmed.

BENNETT, TEEHEE, LEACH, and REID, Coommissioners, concur.

By the Court: It is so ordered.